UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | | |
|---|---|---|
| DARRELL L. TIPTON, # 159204 | ) | |
| | ) | |
| v. | ) | NO. 2:08-CV-76 |
| | ) | Mattice/Inman |
| UNICOI COUNTY SHERIFF'S DEP'T, | ) | |
| SHERIFF KENT HARRIS, ROBBIE | ) | |
| SULLINS, Spokesman, UNICOI | ) | |
| COUNTY, TENNESSEE, ERWIN, | ) | |
| TENNESSEE, JOHNSON CITY | ) | |
| PRESS, ERWIN RECORD NEWSPAPER, | ) | |
| T.V. FIVE NEWS, Bristol, Tennessee, | ) | |
| T.V. ELEVEN NEWS, Johnson City, | ) | |
| Tennessee, *et al.* | ) | |

## **MEMORANDUM & ORDER**

Proceeding *pro se*, Darrell L. Tipton, now a prisoner in the Greene County Justice Center in Springfield, Missouri, brings this civil rights complaint under 42 U.S.C. § 1983. Plaintiff's application to proceed *in forma pauperis* is **GRANTED** [Doc. 1], and he is **ASSESSED** the civil filing fee of three hundred and fifty dollars ($350). The custodian of plaintiff's inmate trust account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial partial payment, twenty percent (20%) of the greater of either the average monthly deposits to his inmate trust account or the average monthly balance in the account, for the six (6) months immediately

preceding the filing of the complaint on March 4, 2008. 28 U.S.C.§ 1915(b)(1).

After full payment of the initial partial filing fee, the custodian shall submit twenty percent (20%) of plaintiff's preceding monthly income credited to the account, but only when the amount in the account exceeds ten dollars ($10), until the full $350 fee has been paid to the Clerk of Court.[1]  28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to mail a copy of this Order to the custodian of inmate trust accounts at plaintiff's place of confinement, to the Sheriff of Greene County, Missouri, and to the Commissioner of the Missouri Department of Correction, to ensure compliance with the assessment procedures outlined herein.

The Court must now review the complaint to determine whether it states a claim entitling plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997). If so, this suit must be dismissed.

The complaint alleges that, prior to June 23, 2005 and continuing through October 30, 2005, defendants made defamatory and slanderous statements, labeling plaintiff as a murderer who was wanted in Orlando, Florida and Springfield, Missouri

---

[1] Payments should be mailed to:  Clerk's Office, USDC
220 W. Depot Street, Suite 200.
Greeneville, TN 37743.

and stating that he had stolen a car and had assaulted, beaten and stabbed people. According to plaintiff, these statements were untrue and were made with full knowledge that they were false and untrue. These fabricated comments have caused plaintiff irreparable injury, including mental stress and damage to his reputation, all of which cannot be undone and which act as a bar to any future interest in employment he may have. For these injuries, plaintiff seeks compensatory, punitive and actual damages in the amount of two million dollars ($2,000,000) for each additional libelous remark made.

First and most importantly, to state a viable § 1983 claim, a plaintiff must allege: 1) that he was denied a right privilege or immunity secured by the constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978). Plaintiff has failed to show the first element, that is, the deprivation of a right secured by the Constitution and laws of the United States.

The Fourteenth Amendment to the United States Constitution protects against a state actor depriving a person of life, liberty, or property without due process of law. *See e.g., Bailey v. Floyd County Bd. Of Educ.*, 106 F.3d 135, 140-141 (6th Cir. 1999). Plaintiff's allegations do not support a Fourteenth Amendment due process claim. An allegation of defamation, without more, does not state a section 1983 claim because harm or injury to reputation, even if it is inflicted by an officer of the state, does

not result in a deprivation of any "liberty" or "property" protected by the Due Process Clause. *Paul v. Davis*, 424 U.S. 693, 712 (1976). Thus, the alleged libelous or slanderous actions of defendants do not infringe any constitutionally protected interest of plaintiff's. *See Cutshall v. Sundquist*, 193 F.3d 466, 478 (6th Cir. 1999).

Secondly, any state law claim for slander or libel, to be timely, would have had to be filed respectively within six months and one year of the actions complained of. *See* Tenn. Code Ann. § 28-3-103, § 28-3-104. The statute begins to run when the plaintiff knows or has reason to know of the injury upon which his action is based. *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984). The applicable statute of limitations began to run on plaintiff's claims in October of 2005, and since this action was not filed until March 4, 2008, many months beyond the period Tennessee allots for these personal injury claims, plaintiff's claims would also be time-barred.

Third, it is well recognized that allegations of mere negligence will not entitle a plaintiff to relief under 42 U.S.C. § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986). Plaintiff contends that, not only were defendants deliberately indifferent to the effect of their conduct towards him, but they were also negligent in failing to ascertain the facts before making the questioned remarks. Those claims could not proceed in this instant lawsuit because they are clearly based upon someone's negligence and, thus, they fail to state a constitutional claim.

Fourth, under the Prison Litigation Reform Act, a prisoner must make a prior showing of physical injury before he may bring a claim for emotional or mental damages. 42 U.S.C. § 1997e(e); *Harden-Bey v. Rutter*, __ F.3d. __, __, 2008 WL 2002410, at * 6 (6th Cir. May 12, 2008). Assuming that the alleged mental stress occurred while plaintiff was in custody and further assuming that § 1997e(e) applies to First Amendment claims, *see Taylor v. United States*, 161 F3d. Appx. 483, at *486-87, 2005 WL 3528920, at*3 (6th Cir. Dec. 21, 2005) (noting that the Sixth Circuit had yet to decide this issue), plaintiff has not asserted that he sustained a physical injury from the claimed wrongful conduct of defendants and cannot collect monetary damages for any mental harm purportedly suffered.

Finally, this action also appears to be subject to the doctrine of *res judicata*. The doctrine of *res judicata* "mandates that if an action results in a judgment on the merits, that judgment operates as an absolute bar to any subsequent action on the same cause between the same parties, with respect both to every matter that was actually litigated in the first case, as well as to every ground of recovery that might have been presented." *Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir.1994). Courts apply the doctrine of *res judicata* to promote the finality of judgments, which in turn increases certainty, discourages multiple litigation and conserves judicial resources. *Sanders Confectionery Products, Inc. v. Heller Financial, Inc.*, 973 F.2d 474, 480 (6th

Cir. 1992).

Plaintiff has filed a prior civil rights case in this Court, making virtually the same allegations against the same defendants (except for the municipal and television media defendants), which was dismissed on the merits for failure to state a claim. *Tipton v. Unicoi County Sheriff's Dept.*, No. 2:08-cv-16 (E.D.Tenn. 2008) (order of dismissal Feb. 12, 2008 ). Thus, any claims that were asserted or could have been asserted in the prior action (and, perhaps, the entire lawsuit) are foreclosed by *res judicata*.

Accordingly, this action will be **DISMISSED** *sua sponte* for all the above reasons and, specifically, for failure to state a claim entitling plaintiff to relief under § 1983. *See* 28 U.S.C. § 1915(e)(2)(B); *McGore v. Wrigglesworth*, 114 F.3d 601, 608, 611 (6th Cir. 1997); Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Therefore, a separate order will enter dismissing this action for failure to state a claim. 28 U.S.C. § 1915(e)(2) and § 1915A(b).

**ENTER**:

                                               */s/Harry S. Mattice, Jr.*
                                               HARRY S. MATTICE, JR.
                                         UNITED STATES DISTRICT JUDGE